Mr. Justice James
delivered the opinion of the Court:
The case of Florence T. Mitchell vs. Charles P. Thomson is presented upon demurrer to an amended bill. The complainant states that she is the daughter of Emma D. Thomson, by her first husband, Quincy Thomas, who died in the State of Texas, in the latter part of the year 1853, intestate, leaving complainant en ventre sa mere, as his only surviving child; that shortly after the death of her father her mother removed, with complainant, from the State of Texas to the city of Philadelphia, and there, on or about the 23d day of February, 1888, married the defendant; that some time after this marriage her mother loaned to the defendant, her second husband, out of her separate estate, the sum of $2,000, and that, as a memorandum thereof, the *135 defendant made and delivered to her mother a paper in the nature of a promissory note, the said paper being in words and figures as follows:
September 1, 1881.
Three years after date I promise to pay to the order of Emma B. Thomson two thousand dollars at interest of three per cent, per annum. Value received.
C. P. Thomson.
On this paper there were two indorsements in the handwriting of the defendant. “ December 7, 1881 [which was during the life-time of the wife] by cash on account of interest, $15.” “April 3d, 1883, by cash on account of interest, $17.” The date of the last indorsement being after the wife’s death, which took place on the 20th day of December, 1881, in the District of Columbia. The wife had this note in her possession at the time of her death. The bill further states that complainant’s mother, by her last will, devised to complainant all of the property of which she died possessed or to which she was entitled; but directing, among other things, that the said $2,000 should be invested for the benefit of complainant and her heirs, in real estate, free from the control of her husband ; and then nominated the defendant as executor; that the defendant, on the 2d day of June, 1883, petitioned this court, then holding a Special Term for Orphan’s Court business, to admit the said last will to probate, and to issue letters testamentary to him as executor thereof; all of which was duly granted; that the defendant thereupon duly qualified as such executor, proceeded to the administration of the estate of his testatrix and entered upon the trust. Complainant further avers that although the said $2,000 is imperatively directed to be invested in real estate, as the sole and' separate estate of the plaintiff, and although the defendant accepted this trust and has never in any way been discharged therefrom, yet he has wholly failed to perform the duties devolved upon him by the trust by investing the $2,000 as directed by *136 testatrix. The prayer of the bill is that the executor be compelled to make the investment.
The principal defense presented on the demurrer is that the defendant’s liability, if there be any, is not that of a trustee, but is merely a personal liability for payment of the $2,000 of money personal, and that action is barred by the ■Statute of Limitations. It is clear that, if this be only a personal liability, then, as the bill was filed more than four years after the note became due, the statute would bar complainant’s demand; but if, on the other hand, defendant was charged with an express trust, that trust can still be enforced. Looking to the will we find that it merely directs that this $2,000 due by the husband shall be invested in real estate for the benefit of complainant. It does not, in express terms, direct that he shall be the trustee for that purpose, -nor does it say who shall make the investment. The question is whether the will is to be construed, notwithstanding, as making the executor trustee for that purpose. We think.that according to the American cases it should be so construed. In order to ascertain whether an executor is made a trustee to carry out a particular direction of the will the whole instrument is to be considered, and he may be charged as with an express trust if, by proper construction, the will imports that the trust is to be executed by him. It is not necessary that he should be designated nominatim, it is enough that he should be designated by 'construction; that is to say, by the intent of the will. In this case it appears that a certain fund in the hands of the executor is a purchase-money fund, directed to be- paid in the purchase of real estate. We think that the implication 'is immediate that this fund is to be applied to the purchase by the person who has it — in other words, that the executor is appointed trustee to purchase, and that he necessarily accepted that trust when he accepted the executorship.
*137 It is conceded that the complainant could elect to take the money instead of the land, and' that by so doing she would waive the execution of the trust. But, on the other hand, she had a right to insist upon its execution. That matter vested exclusively with the beneficiary of the trust. Accordingly, counsel for the defendant claims that it appears by the proceedings in the Orphan’s Court, which are referred to in the bill and made part thereof, that the plaintiff has accepted the note given by the defendant for the said $2,000, and has thereby elected to accept the money, and has relieved the defendant of the trust. But the only papers referred to and made part of the bill are those belonging to the defendant’s account as executor, and no such fact is shown by these. It was asserted in argument that when complainant’s guardian settled his account, after she obtained majority, he turned over to her this note, which he had received from the defendant as her legacy, and that complainant accepted this note from him in settlement. It is clear that the guardian could not make the election. We are not prepared to say that complainant’s acceptance of that note from him was an act of which the defendant can avail himself as an acceptance from him, and a waiver of the trust, especially as he had not indorsed the note so as to give complainant legal title to it. But we are not called upon to decide that question, inasmuch as the guardian’s account and settlement, by which alone this acceptance by complainant is alleged to appear, are not referred to and made part of the bill.
We have spoken of the defendant’s debt as assets in his hands, capable of application to the trust. Our attention was called to the fact that the note was not due when the defendant accepted the executorship. But the rule which treats an executor’s indebtedness as assets is not confined to debts due at 'that time. If the debt matures at any time before his duties of administration cease, it then becomes assets. Griffin vs. Bauman, 9 Rich. S. C., 71. This note did *138 mature before this bill was filed and before his duties had been really performed. We hold, then, that the defendant stands as having now in his hands the fund which should be applied in purchase of real estate. Accordingly we overrule the demurrer.
The decree of the Special Term is reversed, and the cause is remanded, with leave to answer.